UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN C. FELLS,
        Plaintiff,

v.                                              Case No. 09-C-0299

CITY OF MILWAUKEE POLICE DEPARTMENT,
        Defendants.

## DECISION AND ORDER

On March 18, 2009, pro se plaintiff Stephen C. Fells filed the present complaint pursuant to 42 U.S.C. § 1983, alleging that he was arrested in violation of his civil rights. On June 23, 2009, defendant moved to dismiss on the ground that the City of Milwaukee Police Department is not an entity that may sue or be sued. Plaintiff responded by filing a motion for appointment of counsel and asking that the case not be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(1), the court has discretion to recruit counsel to represent an indigent litigant in a civil case. When confronted with a request to recruit counsel, the court must initially determine whether the plaintiff has made reasonable efforts to secure counsel on his own. See, e.g., Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). In the present case, plaintiff has not shown that he has tried to secure counsel on his own, and for that reason his motion to appoint counsel will be denied. Plaintiff may renew his motion to appoint counsel if he contacts at least three attorneys who practice civil rights litigation but no lawyer agrees to take his case. Plaintiff must submit proof that he has actually contacted at least three civil rights attorneys before I will consider any renewed motion for the appointment of counsel.

Turning to the merits of defendant's motion, I find that it must be granted. The City of Milwaukee Police Department is not an entity with the capacity to sue or be sued. See Grow v. City of Milwaukee, 84 F. Supp. 2d 990, 995-96 (E.D. Wis. 2000). However, this defect in the complaint can be cured, and therefore plaintiff will be given thirty days to file an amended complaint naming the proper defendants. Although the court is not able to give legal advice on which plaintiff may rely, the proper defendants in this case appear to be the individual officers who were actually involved in the alleged deprivation of plaintiff's rights. However, it is ultimately up to plaintiff to identify the proper defendants.

If plaintiff files an amended complaint, he should be aware that it will supercede all prior complaints. See Civil L.R. 15.1 (E.D. Wis. 2003). Therefore, plaintiff should be sure that any amended complaint contains all of the claims that he wishes to pursue in this action.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss the complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff has leave to file an amended complaint within **30 DAYS** of the date of this order. If plaintiff does not file an amended complaint, this action will be dismissed in its entirety.

**FINALLY, IT IS ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24 day of September, 2009.

/s_____
LYNN ADELMAN
District Judge