## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

STEPHEN FELLS,
          Plaintiff,

v.                                            Case No. 09-C-0299

P.O. DAVID STURMA and
P.O. LEON DAVIS,
          Defendants.

## DECISION AND ORDER

Plaintiff Stephen Fells brings this action under 42 U.S.C. § 1983 against City of Milwaukee Police Officers David Sturma and Leon Davis. He alleges that Sturma and Davis arrested him in violation of the Fourth Amendment. Before me now are defendants' motion for summary judgment and Fells's motion to dismiss the defendants' motion for summary judgment (which is really just Fells's brief in opposition to the defendants' motion). Summary judgment is required if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The following facts are stated as favorably to Fells as the record permits. On April 12, 2005, Sturma conducted a "license premises check" of Stephen's Snack Foods, a convenience store owned by Fells. A license-premises check is an inspection to ensure that a business is complying with the terms of its liquor license. See Wis. Stat. § 139.08(4). When Sturma entered the store, he spoke with Fells, who stated he was the owner of the store and the building. Sturma asked to see Fells's permits and Fells told him that they were on the wall behind the counter. Sturma went behind the counter to inspect

the permits, and after he did so he turned around and noticed a handgun on a shelf under the counter. Sturma said nothing about seeing the gun and returned to his squad car. In the car, Sturma ran a check on Fells and determined that he had no warrants. When he returned to the police station, Sturma checked the Wisconsin Circuit Court Access website ("CCAP"), http://wcca.wicourts.gov, and noticed that Fells had been charged with two felonies. But Sturma could not tell from CCAP whether Fells had actually been convicted of either felony.

On April 26, 2005, Sturma was at the Milwaukee County Courthouse for other reasons and decided to stop by the Clerk of Court's office and ask about the disposition of Fells's felony cases. A person at the Clerk's office told Sturma that Fells had pleaded guilty/no contest to a Class C felony and gave him a print-out reflecting that disposition. Later that same day, Sturma and Davis went to Fells's store to conduct another license-premises check. They found Fells sitting behind the counter. When Sturma asked to see Fells's permits, Fells again directed him to the wall behind the counter. Sturma went behind the counter, checked the permits, and then turned around and observed the same handgun on the shelf under the counter. Fells was approximately five feet away from the gun.

Sturma told Fells that he believed Fells was a felon and that therefore he was not permitted to possess a firearm. Fells responded that he had to go down to the courthouse and get the disposition of his case changed because he had not actually been convicted of a felony. Fells further stated that he had bought the gun before he was charged with the felony, and that he has had the gun for about ten years. Fells told Sturma that there was a round of ammunition in the chamber of the gun, and when Sturma inspected the gun he

2

confirmed that the gun had a round in the chamber. Sturma and Davis then arrested Fells for being a felon in possession of a firearm, in violation of Wis. Stat. § 941.29.

When the District Attorney's office reviewed Fells's case, however, it determined that the Clerk's records were incorrect, in that Fells had been convicted of misdemeanors rather than felonies. Once this was determined, Fells was released from custody.

Fells claims that Sturma and Davis violated the Fourth Amendment when they arrested him without a warrant. However, the Fourth Amendment permits a warrantless arrest if the arresting officer has probable cause. Thompson v. Wagner, 319 F.3d 931, 934 (7th Cir. 2003). For this reason, the existence of probable cause is an absolute bar to a § 1983 claim for false arrest. McBride v. Grice, 576 F.3d 703, 707 (7th Cir. 2009). Probable cause for an arrest exists if an officer reasonably believes, in light of the facts and circumstances within his knowledge at the time of the arrest, that the suspect has committed, or is committing, an offense. Thompson, 319 F.3d at 934.

Sturma and Davis contend that they had probable cause to believe that Fells was committing the crime of possession of a firearm by a felon at the time they arrested him. Under Wisconsin law, the elements of this offense are (1) a prior felony conviction and (2) possession of a firearm. Wis. Stat. § 941.29; State v. Gibson, 238 Wis. 2d 547, 552 (Ct. App. 2000). The summary-judgment record establishes that Sturma and Davis reasonably believed that Fells had satisfied these elements. First, Sturma was told by the Clerk of Court's office that Fells had been convicted of a felony. Although this information proved to be erroneous, Sturma was entitled to trust the accuracy of the information provided by the Clerk. Second, Sturma's own observation of the firearm and its proximity to Fells,

3

along with Fells's statements about owning the convenience store and the gun, established reasonable grounds for believing that Fells possessed the gun.

Fells points out that Sturma had time to verify the Clerk's records with the District Attorney's office before returning to the convenience store to arrest him. However, because it was reasonable for Sturma to think that the Clerk's records were accurate, the Fourth Amendment did not require that he conduct a follow-up investigation to make sure that those records were consistent with the District Attorney's. See Sow v. Fortville Police Dep't, __ F.3d __, 2011 WL 477050, at *6 (7th Cir. 2011) ("When an officer receives information from a third party whom it seems reasonable to believe is telling the truth, the officer has probable cause to effectuate an arrest."). Fells also argues that Sturma did not have probable cause to believe that Fells "possessed" the gun because the gun was under the counter rather than in Fells's hands or elsewhere on his person. However, under Wisconsin law, "[a]n item is in a person's possession if it is in an area over which the person has control and the person intends to exercise control over the item." State v. Loukota, 180 Wis. 2d 191, 201 (Ct. App. 1993); Wis. Jury Instructions – Criminal §§ 920 & 1343. In this case, both the gun and Fells were behind the counter, and Fells was only a few feet away from the gun when Sturma observed it. Fells also admitted to Sturma that he owned the store, the building, and the gun itself, and so Sturma reasonably believed that the gun was in an area over which Fells had control and that Fells intended to exercise control over the gun.

Because the evidence in the record, when viewed in the light most favorable to Fells, establishes that Sturma and Davis had probable cause to arrest Fells, defendants' motion for summary judgment will be granted.

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss defendants' motion for summary judgment is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter final judgment.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2011.

/s_____
LYNN ADELMAN
District Judge